Todd M. Friedman (SBN 216752)
Suren N. Weerasuriya (SBN 278521)
Adrian R. Bacon (SBN 280332)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
**Attorneys for Plaintiff**

**Additional Attorneys on Signature Page**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINIKA ROBINSON, individually and on behalf of all others similarly situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>WESTERN DENTAL SERVICES, INC., )<br><br>Defendant. ) | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF:**<br><br>1.  NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>2.  WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT [47 U.S.C. §227 ET SEQ.]<br>3.  VIOLATION OF UNFAIR COMPETITION LAW (CAL. BUSINESS & PROFESSIONS CODE §§ 17200 ET SEQ.<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff TINIKA ROBINSON ("Plaintiff"), individually and on behalf of all others similarly situated, alleges the following upon information and belief based upon personal knowledge:

## NATURE OF THE CASE

1.    Plaintiff brings this class action Complaint against Defendant Western Dental Services, Inc. (hereinafter "Defendant") to stop Defendant's practice of charging its customers extra fees that they do not owe in violation of Unfair Competition Law, California Business & Professions Code §§17200 *et seq.* ("UCL").

2.    In addition, Plaintiff brings this class action against Defendant for negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, *47. U.S.C. § 227 et seq.* ("TCPA"), thereby invading Plaintiff's privacy.

3.    Defendant is a corporation that provides dental services to consumers.

4.    Defendant sets up automatic payments whereby Defendant automatically deducts payments from its customers' bank accounts in order to pay off debts to Defendant.

5.    However, Defendant stops withdrawing automatic payments charges its customers with late fees.

6.    Plaintiff and similarly situated consumers were charged these late fees.

7.    Defendant's practice of charging its customers with late these fees has caused Plaintiff and similarly situated consumers to pay Defendant money that they do not owe for nothing in return. In so doing, Defendant has violated California consumer protection law.

8.    In addition, in order to collect on these illegal fees Defendant calls its customers without their consent using an "automatic telephone dialing system" and in violation of the Telephone Consumer Protection Act.

**JURISDICTION & VENUE**

9.      Jurisdiction is proper under *28 U.S.C. § 1332(d)(2)* because Plaintiff, a resident of California, seeks relief on behalf of a Class, which will result in at least one class member belonging to a different state than that of Defendant, a company with its principal place of business and State of Incorporation in California state.  The total claims of the proposed Class members, when aggregated among a proposed class in the thousands, exceeds the $5,000,000.00 threshold for federal court jurisdiction.  Therefore, both diversity jurisdiction and the damages threshold under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

10.      Venue is proper in the United States District Court for the CENTRAL District of California pursuant to *18 U.S.C.  1391(b)* and *18 U.S.C. § 1441(a)* because Defendant does business within the state of California and the CENTRAL District of California.

**PARTIES**

11.     Plaintiff, Tinika Robinson ("Plaintiff"), is a natural person residing in Woodland Hills, California and is a "person" as defined by *47 U.S.C. § 153 (10)*.

12.     Defendant, Western Dental Services, Inc. ("Defendant"), is a company that provides dental services and is a "person" as defined by *47 U.S.C. § 153 (10)*.

13.     Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's services are governed by the controlling law in the state in which they do business and from which the services, and the allegedly unlawful acts originated, which is California.

14.     Plaintiff is informed and believes, and thereon alleges, that each and all of the acts and omissions alleged herein were performed by, or is attributable to, Defendants and/or its employees, agents, and/or third parties acting on its behalf, each acting as the agent for the other, with legal authority to act on the other's

behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

15.    Plaintiff is informed and believes, and thereon alleges, that said Defendants is in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all its employees, agents, and/or third parties acting on its behalf, in proximately causing the damages herein alleged.

16.    At all relevant times, Defendants ratified each and every act or omission complained of herein. At all relevant times, Defendants, aided and abetted the acts and omissions as alleged herein.

## FACTUAL ALLEGATIONS

17.    Beginning in and around February 2015, Defendant contacted Plaintiff on her cellular telephone, ending in -9063, in an attempt to collect an alleged outstanding debt.

18.    Plaintiff was willing to make the appropriate payments on this debt and set up an autopay system with the Defendant whereby the Defendant would automatically deduct payments from Plaintiff's bank account towards the payment of the debt.

19.    The Defendant stopped taking payments out and started charging Plaintiff late fees.

20.    Upon learning this, Plaintiff felt ripped off and cheated by Defendant.

21.    Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and charge them additional fees.

22.    Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)* to place its daily calls to Plaintiff seeking to collect the

debt allegedly owed

23.    Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

24.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to *47 U.S.C. § 227(b)(1)*.

25.    Plaintiff told Defendant to stop calling her on at least one occasion. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to *47 U.S.C. § 227(b)(1)(A)*.

### UCL-CLASS ALLEGATIONS

26.    Plaintiff brings this action, on behalf of herself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

27.    The UCL class Plaintiff seeks to represent is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, were charged late fees from Defendant as a result of Defendant's failure to withdraw payments that it was authorized to take.

28.    As used herein, the term "UCL Class Members" shall mean and refer to the members of the UCL Class described above.

29.    Excluded from the UCL Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

30.    Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

31.    Upon information and belief, the proposed UCL class is composed of thousands of persons. The members of the UCL class are so numerous that joinder of all members would be unfeasible and impractical.

32.    No violations alleged in this complaint are contingent on any individualized interaction of any kind between UCL class members and Defendant.

33.    Rather, all claims in this matter arise from the identical charges to Class Members.

34.    There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

- Whether Defendants engaged in unlawful, unfair, or deceptive business practices in charging late fees  to Plaintiff and other UCL Class Members;

- Whether Defendants profited from the late fees;

- Whether Defendants violated California Bus. & Prof. Code § 17200, et seq.,;

- Whether Plaintiff and UCL Class Members are entitled to equitable and/or injunctive relief;

- Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and UCL Class Members; and

- The method of calculation and extent of damages for Plaintiff and UCL Class Members.

Plaintiff is a member of the class she seeks to represent

35.    The claims of Plaintiff are not only typical of all UCL class members, they are identical.

36.    All claims of Plaintiff and the UCL class are based on the exact same legal theories.

37.    Plaintiff has no interest antagonistic to, or in conflict with, the UCL class.

38.    Plaintiff is qualified to, and will, fairly and adequately protect the

interests of each UCL Class Member, because Plaintiff bought UCL Class Products from Defendants during the UCL Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all UCL Class Members as demonstrated herein.

39.    Plaintiff will thoroughly and adequately protect the interests of the UCL class, having retained qualified and competent legal counsel to represent himself and the UCL class.

40.    Common questions will predominate, and there will be no unusual manageability issues.

## TCPA-CLASS ALLEGATIONS

41.    Plaintiff brings this action individually and on behalf of all others similarly situated, as a member of the proposed class (hereafter "The TCPA Class") defined as follows:

> All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint

42.    Plaintiff represents, and is a member of, The TCPA Class, consisting of All persons within the United States who received any collection telephone calls from Defendant to said person's cellular telephone made through the use of any automatic telephone dialing system or an artificial or prerecorded voice and such person had not previously not provided their cellular telephone number to Defendant within the four years prior to the filing of this Complaint.

43.    Defendant, its employees and agents are excluded from The TCPA

Class. Plaintiff does not know the number of members in The TCPA Class, but believes the TCPA Class members number in the thousands, if not more. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

44. The TCPA Class is so numerous that the individual joinder of all of its members is impractical. While the exact number and identities of The TCPA Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes and thereon alleges that The TCPA Class includes thousands of members. Plaintiff alleges that The TCPA Class members may be ascertained by the records maintained by Defendant.

45. Plaintiff and members of The TCPA Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and TCPA Class members via their cellular telephones thereby causing Plaintiff and Class members to incur certain charges or reduced telephone time for which Plaintiff and TCPA Class members had previously paid by having to retrieve or administer messages left by Defendant during those illegal calls, and invading the privacy of said Plaintiff and TCPA Class members.

46. Common questions of fact and law exist as to all members of The TCPA Class which predominate over any questions affecting only individual members of The TCPA Class. These common legal and factual questions, which do not vary between TCPA Class members, and which may be determined without reference to the individual circumstances of any TCPA Class members, include, but are not limited to, the following:

   a.   Whether, within the four years prior to the filing of this TCPA Complaint, Defendant made any collection call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a TCPA Class member

using any automatic telephone dialing system or any artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

b.    Whether Plaintiff and the TCPA Class members were damages thereby, and the extent of damages for such violation; and

c.    Whether Defendant should be enjoined from engaging in such conduct in the future.

47.    As a person that received numerous collection calls from Defendant using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of The TCPA Class.

48.    Plaintiff will fairly and adequately protect the interests of the members of The TCPA Class. Plaintiff has retained attorneys experienced in the prosecution of TCPA class actions.

49.    A TCPA class action is superior to other available methods of fair and efficient adjudication of this controversy, since individual litigation of the claims of all TCPA Class members is impracticable. Even if every TCPA Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each TCPA Class member.

50.    The prosecution of separate actions by individual TCPA Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other TCPA Class members

not parties to such adjudications or that would substantially impair or impede the ability of such non-party TCPA Class members to protect their interests.

51. Defendant has acted or refused to act in respects generally applicable to The TCPA Class, thereby making appropriate final and injunctive relief with regard to the members of the TCPA Class as a whole.

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

(TCPA Class Members against Defendant)

52. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-51.

53. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq.*

54. As a result of Defendant's negligent violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the TCPA Class Members are entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)*.

55. Plaintiff and the TCPA Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

///

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

(TCPA Class Members against Defendant)

56. Plaintiff repeats and incorporates by reference into this cause of action the allegations set forth above at Paragraphs 1-55.

57.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of *47 U.S.C. § 227 et seq*.

58.     As a result of Defendant's knowing and/or willful violations of *47 U.S.C. § 227 et seq.*, Plaintiff and the TCPA Class members are entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to *47 U.S.C. § 227(b)(3)(B)* and *47 U.S.C. § 227(b)(3)(C)*.

59.     Plaintiff and the TCPA Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## THIRD CAUSE OF ACTION

### Violation of Unfair Business Practices Act
### (Cal. Bus. & Prof. Code §§ 17200 *et seq.*)

60.     Plaintiff incorporates by reference each allegation set forth above.

61.     Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a Defendant's business practices and the alleged harm--that is, evidence that the Defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the Defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

### UNFAIR

62.     California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices

within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

63.     In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

64.     Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the UCL Class. Plaintiff and members of the UCL Class have suffered injury in fact due to Defendant's decision to charge fees that were not owed. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the UCL Class.

65.     Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the UCL Class to pay fees that they did not owe. In fact, knowing that Plaintiff and other putative UCL class members' did not owe these fees, Defendant unfairly profited, in that Defendant knew that Plaintiff received nothing in return. Thus, the injury suffered by Plaintiff and the members of the UCL Class is not outweighed by any countervailing benefits to consumers.

66.     Finally, the injury suffered by Plaintiff and members of the UCL Class is not an injury that these consumers could reasonably have avoided. After Defendant, falsely represented that Plaintiff and the UCL Class members owed fees, these consumers suffered injury in fact due to Defendant's sale of UCL Class

Products to them. Defendants failed to take reasonable steps to inform Plaintiff and UCL class members. As such, Defendants took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the UCL Class members to take money from them. Therefore, the injury suffered by Plaintiff and members of the UCL Class is not an injury which these consumers could not reasonably have avoided.

67.     Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

FRAUDULENT

68.     California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

69.     The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

70.     Here, not only were Plaintiff and the UCL Class members likely to be deceived, but these consumers were actually deceived by Defendants. Such deception is evidenced by the fact that Plaintiff and the UCL Class Members paid the Defendant for the late fees. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendant and

Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

71.    As explained above, Defendants deceived Plaintiff and other C UCL lass Members.

72.    Thus, Defendant's conduct has violated the "fraudulent" prong of California Business & Professions Code § 17200.

UNLAWFUL

73**.**    California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

74.    As explained above, Defendant deceived Plaintiff and other UCL Class Members by charging them for fees that they did not owe.

75.    Defendants used misrepresentations to induce Plaintiff and UCL Class Members to pay fees that they did not owe. Had Defendants not falsely misrepresented the fees, Plaintiff and UCL Class Members would not have paid them. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and UCL Class Members.

76.     These representations by Defendants are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

77.    Defendants has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and UCL Class Members to judgment and equitable relief against Defendants, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and UCL Class Members seek an order requiring Defendants to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendants to correct its actions.

**<u>PRAYER FOR RELIEF</u>**

(Plaintiff and TCPA Class Members)

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

## FIRST CAUSE OF ACTION

**Negligent Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1),* Plaintiff and the Class members are entitled to and request $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B).*
- Any and all other relief that the Court deems just and proper.

## SECOND CAUSE OF ACTION

**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**

**47 U.S.C. §227 et seq.**

- As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff and the Class members are entitled to and request treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C).*
- Any and all other relief that the Court deems just and proper.

## PRAYER FOR RELIEF

(Plaintiff and UCL Class Members)

WHEREFORE, Plaintiff requests judgment against Defendant for the following:

///

///

///

## THRID CAUSE OF ACTION

1
2

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq.*)**

3    • An order certifying the UCL Class and appointing Plaintiff as
4    Representative of the Class;

5    • An order certifying the undersigned counsel as UCL Class Counsel;

6    • An order requiring Defendant, at its own cost, to notify all UCL Class
7    Members of the unlawful and deceptive conduct herein;

8    • An order requiring Defendant to engage in corrective advertising
9    regarding the conduct discussed above;

10    • Actual damages suffered by Plaintiff and UCL Class Members as
11    applicable or full restitution of all funds acquired from Plaintiff and
12    UCL Class Members from the sale of misbranded Class Products during
13    the relevant class period;

14
15    • Punitive damages, as allowable, in an amount determined by the Court
16    or jury;

17    • Any and all statutory enhanced damages;

18    • All reasonable and necessary attorneys' fees and costs provided by
19    statute, common law or the Court's inherent power;

20    • Pre- and post-judgment interest; and

21    ///
22    ///
23    ///
24    ///
25    ///
26    ///
27    ///

28    • All other relief, general or special, legal and equitable, to which

Plaintiff and UCL Class Members may be justly entitled as deemed by the Court.

Respectfully Submitted this 30th day of October, 2015.

LAW OFFICES OF TODD M. FRIEDMAN, P.C.

By:   /s/ Todd M. Friedman
      Todd M. Friedman
      Law Offices of Todd M. Friedman
      Attorney for Plaintiff

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022